

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable T. F. Slack
County Attorney
Reeves County
Pecos, Texas

Dear Sir:

Opinion No. O-5201
Re: Whether an ex-tax collector,
who went out of office in
September, 1930, is still
entitled to receive the $1.00
cost for preparing annual
delinquent lists as provid-
ed for in Article 7331 of
the Revised Civil Statutes
prior to the amendment in
1930.

Your request for an opinion on the above matter has
been received and carefully considered, and we have reached
the following conclusions in regard thereto.

The Federal Census for 1920 shows the population of
Reeves County as 4,457 and for 1930 as 6,407.

In 1897, what is known as the Maximum Fee Law was
passed, fixing and limiting the fees of the officers named
therein, one of whom was the tax collector, Chapters 5 and 15,
pages 5 and 42, General Laws, 25th Legislature, First Called
Session; but, Section 17 thereof provided that counties having
a population of 15,000 or less were exempt therefrom. This
provision was carried into the Revised Civil Statutes of 1911
as Article 3898. In 1913, an amendment was passed which had
the effect to raise this maximum figure to 25,000. General
Laws, 33rd Legislature, Regular Session, Chapter 121, page
248. In 1919, the 36th Legislature, Chapter 158, page 299,
repealed Article 3898, the effect of which was to bring the
officers, including tax collectors, of counties with a popu-
lation of 25,000 or less within the operation of the maximum
fee law. This law became effective June 29, 1919. However,

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

the 38th Legislature, Acts 1923, Chapter 181, page 397, re-
enacted the provisions of said Article 3898, whereby officers,
including tax collectors, in counties having a population of
25,000 or less were exempt from the Maximum Fee Law. This
amendment became effective July 2, 1923. Effective January
1, 1931, the 41st Legislature, Acts 1930, Fourth Called Ses-
sion, Chapter 20, repealed Article 3900 of the Revised Civil
Statutes of Texas of 1925, which was originally said Article
3898, and brought back under the Maximum Fee Law all counties
whose population was less than 25,000. Therefore, since
Reeves County was exempt from the Maximum Fee Law from July
2, 1923, to January 1, 1931, all of the fees referred to by
you which were earned within that time should be turned over
to the proper ex-tax collector who earned them as he is en-
titled to receive them for services rendered during his tenure
of office. But, if any of said fees were earned during the
period of time between June 29, 1919, and July 2, 1923, they
would be subject to the provisions of the Maximum Fee Law as
it was worded during that period of time.

In 1923, the 38th Legislature, at its First Called
Session, Chapter 21, page 180, amended Article 7691 of the Re-
vised Civil Statutes of 1911 (Article 7331 of the Revised Civil
Statutes of 1925) so that same read in part, as follows:

"... For preparing the annual delinquent
list of assessments charged to the tax collector
upon the tax roll, but which have not been col-
lected at the time of his annual settlement with
the State and county, separating the property pre-
viously sold to the State from that reported sold
as delinquent for preceding years and for prorat-
ing the State taxes into State revenue, State
school and State pension, calculating the penalty,
extending it and adding it in with other taxes,
balancing the delinquent list, and certifying it to
the commissioners' court and the Comptroller, the
tax collector shall be entitled to a fee of one
dollar for each correct assessment of land to be
sold, said fee to be taxed as costs against the
delinquent. Provided that in no case shall the
State or county be liable for said fee, which shall
be additional and cumulative of all other fees now
allowed by law and shall not be accounted for under
the fee bill, as fees of office."

Honorable T. F. Slack, page 3


       This amendment became effective September 19, 1923, and remained in effect until it was again amended by the 41st Legislature, Acts 1930, Fourth Called Session, page 30, Chapter 20, which became effective January 1, 1931, and which amendment did not provide that said fee should be additional and cumulative of all other fees then allowed by law, etc., as provided in the above quoted provision of 1923. Therefore, for this further reason, any of the fees referred to by you that were earned during the time between September 19, 1923, and January 1, 1931, should be turned over to the proper ex-tax collector who earned them as he is entitled to receive them for services rendered during his tenure of office.

       This department has heretofore passed upon a somewhat similar question, as shown by Opinion No. 0-2186, a copy of which is herewith enclosed for your further information.

       Trusting that this satisfactorily answers your inquiry, we are

Very truly yours

ATTORNEY GENERAL OF TEXAS

APPROVED MAY 5, 1943

ASSISTANT
ATTORNEY GENERAL

By Jas. W. Bassett
       Jas. W. Bassett
       Assistant

JWB:db

Enclosure

APPROVED OPINION COMMITTEE BY CHAIRMAN